**Jia Quan LIN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–1808–AG NAC.

United States Court of Appeals,
Second Circuit.

Dec. 28, 2005.

Gang Zhou, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Virginia A. Gibson, Michael L. Levy and Judson A. Aaron, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jia Quan Lin, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying her application for asylum. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews only the BIA's opinion unless, as here, the BIA issues an affirmance without opinion, in which case it reviews the IJ's decision. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004). Here, the IJ's adverse credibility determination was based on substantial evidence in the record.

The IJ found an inconsistency between Lin's testimony that his wife was forced to undergo an abortion because she was not legally married, and the State Department Profile, which stated that U.S. officials in China were not aware of any forced abortions of illegitimate children or children of couples with an early marriage in Fujian Province. Next, the IJ found it inconsistent that Lin presented a Chinese birth control certificate as evidence of his wife's forced abortion, where the Profile stated that such documents are given only after a voluntary abortion has been performed.

An IJ may consider what the State Department Profile generally suggests an individual in the applicant's circumstances would experience if the IJ also considers any contrary or countervailing evidence presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence. *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004).

Here, the IJ fully considered Lin's particular circumstances as presented by his testimony and documentary evidence. Substantial evidence supports the IJ's finding that Lin was not credible because his testimony was "not sufficiently detailed, plausible and complete to stand alone as adequate support for his claim," because Lin was unable (1) to testify to the specific location of the government office where he claimed to have argued with family planning officials, and (2) to provide sufficient testimony of the details of his wife's abortion. Considered in light of the inconsistencies between Lin's testimony and the State Department Profile, these discrepancies constitute cogent reasons for

an adverse credibility determination that bear a legitimate nexus to his asylum claim. Lin did not bring a withholding of removal or Convention Against Torture claim before this Court. As such, these claims are waived. *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003).

Accordingly, Lin's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).